In The United States District Court
For the Southern District of Mississippi

James Ferguson
#60446

vs.

Officer unknow Ellis,
Female officer unknow Williams,

Plaintiff

3:17cv165DPJ-FKB

Defendants

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 13 2017
ARTHUR JOHNSTON
BY _____ DEPUTY

The Defendants Williams and Ellis, knowingly, purposely and deliberately violated Plaintiff Fourthteen and Eight Constitutional Rights. Denied due process, Cruel and Unusual punishment.

May 5, 2015. Offender Ferguson was Assault. Hit in the back of the head with a food Tray. No Action was Ever taken concerning this incident, Nothing was ever done to the accused.

2.

## Breach of Security

May 28, 2016, Between 11:00 AM and 12:00 NOON, Unit 5 A-zone East Mississippi Correctional Facility. Officer Ellis along with Female officer Williams was Escorting offender Eugene from Cell #112 to the shower Unrestrain, allowe offender Eugene to carry a two ounce milk carton full of body Fluid. When they reach my cell #114. He dash the Fluid in my face, through the food tray slot. I was sitting there watching T.V. They all laugh and took him to the shower. I wrote the Captain of Security Captain Rice, also Warden Shaw, Unit Manager Donald and file an administrative Remedy Request.
Both of these incident are recorded on Security Cameras.

Mississippi Department of Correction
Policy Number: 20-05
Protection From Harm

3. Written Policy, Procedure and Practice protect inmates from Personal abuse, Corporal punishment, Personal injury, disease, Property damage and harassment. It is the policy of the Mississippi Department of Corrections that offenders will not be subject to Abusive institutional practices.

Harassment or punishment on the basis of their actual or perceived Sexual Orientation, gender identity or gender Non-Comformity. Abusive institutional practices are practices or behaviors which humiliate, demean and or physically or phychologically abuse offenders and include deliberate and or Systematic practices which are inconsisten with department policy and procedures for Supervision treatment, and control, Abusive institutional practices are prohibited and must be Reported and documented by all departmental Contractual and Volunter staff with knowledge of an Occurrence or an allegation or Supicion that an Abusive practice has occured. Any staff member Ordeeing Engaging in or condoning abusive institutional practices will be subject to Formal disciplinary action.

4. The Deputy Commissioner of Institutions and the deputy Commissioner of Community Correction or designees will establish procedures to ensure offenders reasonable protection from abusive institutional practices, personal abuse, corporal punishment, personal injury, disease, property damage Any form of Harassment to include, Sexual harassment, Unusual punishment, humilation, Mental abuse or punitive interference with daily function of living, such as eating or sleeping.

Eight Amendment: Cruel and Unusual Punishment

<u>State of Mind on part of prison official</u>

The Federal Constitution Eight Amendment, which Applies to the states through the due process clauses of the Fourteen Amendment prohibits the infliction of Cruel and Unusual punishment on those convicted of crimes. The Constitution Requires Prison and Jail officials to provide Reasonable Safety for Prisoners. Prison officials must take Reasonable Measures to protect prisoners from Assault by other Inmates, and from Unreasonably hazardous living

5. and working conditions and must refrain from subjecting them to unnecessary and excessive use of force. The Eight Amendment, which forbids cruel and unusual punishment governs the treatment of convicted prisoners. Eight Amendment Violation, infliction of pain or injury, malicious use of force, merely restrictive and harsh conditions unrelated to prison needs. No penological justification, mental or emotional injuries.

The action committed by these two officers violate the Eight Amendment, which makes them liable for damages. Plaintiff is seeking compensatory and punitive damages. Any other relief he is entitle to. Plaintiff states under oath all statments and information is true and correct.

This Date
March 9, 2017

James Ferguson
#80446

State of Mississippi, County of **Wilkinson**

Sworn to and subscribed before me this the **9** of **March**

Notary Public  Rosemary Gatlin

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC, ROSEMARY GATLIN, ID # 83744, Commission Expires Jan. 26, 2019, WILKINSON COUNTY]

ARP-2

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

NUMBER ___ARP___ - __16__ - __1106__

## FIRST STEP RESPONSE FORM

Type or use ball point pen. You must return your response to the Administrative Remedy Program Director within 30 days of the date the request was initiated

To: __Offender Ferguson 60446__     __EMCF__
      Inmate's Name and DOC#                            Housing Unit

From: _____     __EMCF__
    Person to whom 1st Step is Directed                 Title/Location

If you are not satisfied with this response, you may go to Step Two by checking below and forwarding to the ARP Administrative Remedy Program Director within 5 days of your receipt of this decision.

In order to verify the complaint by Offender James Ferguson # 60446, this matter will be turned over to investigations.

_____      __11-3-16__
         Signature                                    Date

(x) I am not satisfied with this response and wish to proceed to Step Two.
    REASON:

I have not receive any response from investigation or anyone this is not a true response!

( ) I wish to cancel this complaint. You do not have to return this and time limits will cancel complaint.

__James Ferguson__ _____      __12-7-16__
Inmate's Signature     DOC#                                Date

**Inmate's - Copy**

# MISSISSIPPI DEPARTMENT OF CORRECTIONS
## Administrative Remedy Program

## EMCF 16-1690
## Second Step Response Form

You must respond to the inmate within 45 days of receipt of the appeal of the First Step Response.

Inmate's Name & #: James Ferguson #60446
Location: EMCF

From: Warden F. Shaw
Title: Warden

Your request for Administrative Remedy has been received and reviewed in this office on July 25, 2016, your conflict with officers.

As stated in your first step response, this alleged incident was turned over to investigations. There was evidence to substantiate your claim.

I trust that I have answered your concerns pertaining to your complaint and you consider this matter closed.

_____          12-15-16
Signature                                 Date

The above named inmate has fulfilled the requirements of the Administrative Remedy Program and is eligible to seek judicial review within 30 days of receipt of the Second Step Response.

_____          12-29-16
Inmate's Signature DOC # Date

# Certificate of Service

I James Ferguson, Do Hereby Certify I have postage paid, a true and correct copy of Complaint Under 42 U.S.C. 1983; Breach of Security.

To:

Daniel Coker Horton, Bell
4400 Old Canton Road, Suite 400
P.O. Box 1084
Jackson, Ms. 39215-1084

This Date

March 9, 2017

James Ferguson