# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

JAMES FERGUSON                                                    PLAINTIFF

VS.                                        CIVIL ACTION NO. 3:17-cv-165-DPJ-FKB

BRADLEY ELLIS, et al                                     DEFENDANTS

## REPORT AND RECOMMENDATION

This cause is before the Court on the following motions: Plaintiff James Ferguson's Amended Motion for Preliminary Injunction and Temporary Restraining Order [29], Defendants Frank Shaw, Richard Cooney, Alma Wren, Tony Donald, and Michael Rice's Motion for Summary Judgment [30], Ferguson's Motion for Summary Judgment [33], Defendants Bradley Ellis and Kelesha Williams's Motion for Summary Judgment [39], and Ferguson's Motion to Compel Discovery [42]. For the following reasons, the undersigned recommends that Defendants' motions for summary judgment be granted, Ferguson's motion for a preliminary injunction and temporary restraining order be denied, and the complaint be dismissed.

## I. Factual and Procedural History

James Ferguson is an inmate in the custody of the Mississippi Department of Corrections ("MDOC"). He is currently housed at the Wilkinson County Correctional Facility, however all relevant events in his complaint took place at the East Mississippi Correctional Facility ("EMCF"). He is proceeding *pro se* and *in forma pauperis*. Ferguson alleges that on May 28, 2016, Corrections Officers Bradley Ellis and Kelesha Williams allowed an inmate, "Offender Eugene," to splash him with urine.[1] [1] at 2; *See* [30-1] at 5; [39-1] at 13.

---

[1] In his complaint, Ferguson also included a claim that on May 5, 2015, he was hit in the head with a cafeteria tray. [1] at 1. However, Ferguson had already filed a complaint asserting a § 1983 claim related to that incident. *See* Civil

He contends that Defendants Ellis and Williams failed to properly restrain Eugene and permitted him to carry "a two-ounce milk carton" filled with urine, while they escorted him from his cell to the shower. [1] at 2. Meanwhile, Ferguson, confined to his cell, was watching television through the cell door's food tray slot. *Id.* When Eugene passed by Ferguson's cell door, he threw the urine at Ferguson's face through the tray slot. *Id.*

Afterward, Ferguson claims that he wrote to Captain of Security Rice, Warden Shaw, and Unit Manager Donald. *Id.* He filed a Request for Administrative Remedy against Ellis and Williams. *Id.* He claims that "the action committed by these two officers violate[s] the Eight Amendment, which makes them liable for damages." *Id.* at 5.

Ferguson's Administrative Remedy Program ("ARP") grievance is dated July 23, 2016.[2] [30-1] at 5. It reads as follows:

> Date of Incident: July 23, 2016
> Time of Incident: 11:30 a.m.
> Place of Incident: 5-A
> Alleged Complaint: Breach of Security
>
> Saturday morning, between 11 a.m. and 12 o'clock Officer Ellis and Female Officer Williams were escorting Eugene Cell #112 to the shower unrestrain. When they reach my Cell #114 Eugene dash a milk carton full of piss in my face when I was sitting in the food tray slot watching T.V. Then they all laugh and walk him to the shower. This is a serious breach of security.
>
> Relief Requested: Request to be moved away from these officers

*Id*. EMCF's ARP office accepted the grievance on July 25, 2016. [30-1] at 4.

After not receiving a response, Ferguson re-submitted the ARP grievance on October 17, 2016. [24-1] at 3. His October ARP grievance described the incident as having taken place on May

---

Action No. 3:16-cv-237-CWR-FKB. This Court dismissed that case, and the Fifth Circuit dismissed Ferguson's appeal as frivolous. *Id.* at [65].

[2] Ferguson claims that Defendants forged the date on his grievance. [34] at 1-3. He also claims that they forged portions of the grievance. *Id.* He offers no evidence in support of these allegations.

28, 2016, rather than the July date in his first grievance. *Id.* Mary Dempsey, the ARP Coordinator, responded on October 20, 2016, stating that Ferguson already had a previously accepted ARP grievance concerning this same issue and returned the October grievance to him. *Id* at 4.

On November 1, 2016, ARP Director Pennington instructed Unit Manager Donald to respond to the ARP grievance within thirty days. [30-1] at 3. Donald responded on November 8, 2016. He wrote that "In order to verify the complaint by Offender James Ferguson . . . , this matter will be turned over to Investigations." *Id.* at 6. Ferguson responded on December 7, 2016, that he had not received any response from Investigations or anyone else. *Id.* On December 15, 2016, Warden Shaw responded to Ferguson. He wrote, "As stated in your first step response, this alleged incident was turned over to investigations. There was evidence to substantiate your claim." *Id.* at 7.

Ferguson filed suit on March 13, 2017. Shortly thereafter, he filed a motion to add five additional defendants. [5]. He alleged that he complained about the May 2016 incident to Warden Frank Shaw, Major Michael Rice, Captain Richard Cooney, Lieutenant Alma Wren, and Unit Manager Tony Donald. *Id.* at 3-4. Despite this, Ferguson alleges that they did not reassign Ellis and Williams from the housing unit to which he was assigned. *Id.* Ferguson claims that he feared Ellis and Williams and that they continued to "come to [his] cell to intimidate" him following the May 2016 incident. *Id.* Ferguson claims that these additional defendants were grossly negligent in supervising Ellis and Williams and for not taking action after his grievance was investigated. *Id.* at 1 and 4. Because the Court had not yet issued summons to the original defendants, the Court granted Ferguson's motion to amend. [9].

The Court held a *Spears* hearing on June 27, 2018. At the hearing, Ferguson testified that he had no altercations or conflicts with Eugene prior to May 28, 2016, nor had he reported any to

3

the EMCF staff. [39-1] at 12. He testified that he received no physical injuries, though the incident made him afraid. *Id.* at 12-13. He saw a doctor approximately ten days later to confirm that he was not injured. *Id.*

### II. Ferguson's Amended Motion for Preliminary Injunction and Temporary Restraining Order [29]

Ferguson requests that the Court enter a temporary restraining order and preliminary injunction against MDOC requiring it to change its ARP grievance process to be constitutionally-compliant. He argues that although MDOC requires inmates to file an ARP grievance within thirty-days of the incident at issue, it does not set a similar deadline by which officials must respond. Here, EMCF officials did not respond to his July 2016 grievance until November 2016. He contends that this amounts to MDOC interfering with inmates' access to the courts.

In his motion, Ferguson claims that MDOC's ARP grievance process is unconstitutional, because it provides "no deadline to respon[d] to offenders['] complaint[s]." [29] at 2. He alleges that ARP Coordinator Dempsey, who he mistakenly refers to as a defendant, "knowingly, intentionally, and in both [her] individual and official capacity, denied, delay[ed], and interfer[ed] with offenders['] constitutional rights to access . . . the courts by denying receiving offenders['] grievances, holding complaints [for] unspecific time limits with no justifiabl[e] reason." [29] at 4-5. As support, Ferguson claims that he submitted a grievance that Dempsey "claim[ed] she never receive[d]" in another case, citing *Ferguson v. Morgan, et al.*, Civil Action No. 3:16-cv-237-CWR-FKB, and that it took "five months before [he] receive[d] [a] response" to his July 2016 grievance on the incident at issue in this case. *Id.* at 5.

Ferguson's motion falls short of the standard necessary for a court to grant either a temporary restraining order or a preliminary injunction. First, neither MDOC nor Dempsey is a

4

party to this action, and Ferguson has not shown that either of them has notice of the motion. Fed. R. Civ. P. 65(a)(1) explicitly prohibits a court from granting a preliminary injunction without "notice to the adverse party." Second, Ferguson has failed to show that he would suffer "immediate and irreparable injury, loss, or damage before the adverse party can be heard in opposition" to the motion, as required by Fed. R. Civ. P. 65(b)(1) for entry of a temporary restraining order.

Even if Rule 65 did not prohibit the relief Ferguson seeks, his motion would still be improper. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). However, the injunctive relief Ferguson seeks in his motion does not relate to the claims pled in his amended complaint. While the amended complaint seeks monetary damages related to two guards allegedly allowing an inmate to throw urine at him, the motion requests injunctive relief forcing MDOC to alter its ARP grievance process state-wide. The latter does not relate to the former, and Ferguson's motion is not properly before this court.

Additionally, Ferguson has failed to show "a substantial likelihood that [he] will prevail on the merits" of his claim, as required for a preliminary injunction. *Mississippi Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Ferguson's motion is predicated on his contention that MDOC's grievance process is unconstitutional because of the response time given to MDOC. However, the Fifth Circuit has addressed this argument and found it to be without merit. *See Wilson v. Epps,* 776 F.3d 296, 300 (5th Cir. 2015)(Plaintiff's "first argument—that the ARP's grievance process is unconstitutional because it gives MDOC too much time to respond— is meritless.").[3] Accordingly, Ferguson cannot show a substantial likelihood of success on the

---

[3] Moreover, a closer examination of documents that Ferguson has provided reveals the likely reason for the three-and-a-half-month delay between his ARP grievance and the first step response to his grievance. MDOC's ARP grievance process uses a "backlogging" procedure that allows an inmate to only pursue one active ARP grievance at a time. Any

merits of his claim that the MDOC grievance process is unconstitutional. For these reasons, the motion should be denied.

### III. Defendants Shaw, Cooney, Wren, Donald, and Rice's Motion for Summary Judgment [30]

Defendants Frank Shaw, Richard Cooney, Alma Wren, Tony Donald, and Michael Rice have moved for summary judgment, contending that Ferguson failed to exhaust available administrative remedies prior to filing suit. They argue that while Ferguson's July 2016 ARP grievance named Ellis and Williams, it did not name any of them.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of fact is genuine if the "'evidence is sufficient to permit a reasonable factfinder to return a verdict for the nonmoving party.'" *Lemoine v. New Horizons Ranch and Center*, 174 F.3d 629, 633 (5th Cir. 1999)(quoting *Colston v. Barnhart*, 146 F.3d 282, 284 (5th Cir.), *cert. denied*, 525 U.S. 1054, (1998)). Issues of fact are material if "resolution of the issues might affect the outcome of the suit under governing law." *Lemoine*, 174 F.3d at 633. The Court does not, "however, in the absence of any proof, assume the nonmoving [or opposing] party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(emphasis omitted). Moreover, the non-moving party's burden to come forward with "specific facts showing that there is a genuine issue for trial,*"* *Celotex Corp. v. Catrett*, 477

---

subsequent grievances the inmate submits are "backlogged," until their active ARP grievance concludes. *See Wilson v. Epps*, No. 3:10-CV-518-FKB, 2013 WL 3945980, at *3 (S.D. Miss. July 31, 2013), *aff'd*, 776 F.3d 296 (5th Cir. 2015). This backlogging procedure is constitutional. *Wilson v. Epps*, 776 F.3d at 300. Ferguson has filed a document titled, "Grievance Detail," dated October 18, 2016. [33] at 4. That document states that EMCF received Ferguson's grievance on July 25, 2016. *Id.* It lists the grievance status as "BACKLOG," which suggests that the reason for the delay is that the July 2016 grievance had been backlogged pending resolution of other ARP grievances filed by Ferguson. *Id.*

U.S. 317, 323 (1986), is not satisfied by "conclusory allegations" or by "unsubstantiated assertions," or by only a "scintilla" of evidence. *Little*, 37 F.3d at 1075.

A prisoner must exhaust available administrative remedies before bringing a § 1983 action. *Booth v. Churner*, 532 U.S. 731, 740 (2001); 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act's exhaustion requirement is mandatory and applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *See Porter v. Nussle,* 534 U.S. 516 (2002); *Jones v. Bock*, 549 U.S. 199, 199–200 (2007)("There is no question that exhaustion is mandatory under the PLRA. . . ."). When examining the exhaustion requirement, the Fifth Circuit has ruled that

> [d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzales v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). Moreover, "[i]t is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion." *Walker v. East Miss. Corr. Facility*, Civil Action No. 4:10-cv-111–LRA, 2013 WL 4833901 (S.D. Miss. Sept. 11, 2013)(citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)(finding that filing an initial grievance, without more, did not equate to exhaustion)); *see also Tompkins v. Holman*, Civil Action No. 3:12-cv-87–LRA, 2013 WL 1305580 (S.D. Miss. Mar. 26, 2013)(dismissing § 1983 complaint for failure to exhaust administrative remedies when prisoner filed a grievance, but did not complete the ARP grievance before filing his lawsuit).

Ferguson's July 2016 ARP grievance pertains only to Defendants Ellis and Williams. It does not reference or describe any other prison officials or employees, including Defendants Shaw,

7

Cooney, Wren, Donald, and Rice. In fact, Ferguson does not even allege that Shaw, Cooney, Wren, Donald, and Rice were included in the original ARP grievance or that he ever filed a separate ARP grievance against them in relation to the subject incident.

Because Ferguson never exhausted his administrative remedies with regard to his claims against Shaw, Cooney, Wren, Donald, and Rice, the PLRA and applicable case law require that those claims be dismissed. Accordingly, the undersigned recommends that Shaw, Cooney, Wren, Donald, and Rice's Motion for Summary Judgment [30] be granted.

### IV. Defendants Ellis and Williams's Motion for Summary Judgment [39]

Ellis and Williams have also moved for summary judgment, contending that Ferguson has failed to establish the necessary elements of a "failure to protect" claim.

The Eighth Amendment grants inmates the right to be protected from injury by other inmates. *Farmer v. Brennen*, 511 U.S. 825, 833-34 (1994). "To establish a failure-to-protect claim, a prisoner must show that [he] was 'incarcerated under conditions posing a substantial risk of serious harm and that prison officials were deliberately indifferent to [his] need for protection.'" *Bates v. Amite Cty., Miss.*, No. 3:11-cv-368-DPJ-FKB, 2012 WL 1898928, at *3 (S.D. Miss. May 23, 2012)(quoting *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)). "A prison official acts with deliberate indifference if the official 'is aware of an 'excessive risk to inmate ... safety' and disregards that risk.'" *Id.* (quoting *Longoria v. Texas*, 473 F.3d 586, 592–93 (5th Cir. 2006)). "Deliberate indifference requires that the official both is 'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' and actually 'draw[s] the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837)(alterations in original). The deliberate indifference standard is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Ferguson testified that he had no altercations with Eugene prior to the May 28, 2016, incident. Eugene had made no threats against him and Ferguson had reported none to EMCF personnel. Consequently, Ferguson cannot show that on May 28, 2016, the guards at EMCF had any reason to believe that Eugene posed a substantial risk of causing him serious harm. Ferguson has provided no evidence to support his assumption that Ellis or Williams had prior notice that Eugene would splash him with urine.

Moreover, even if Ferguson was able to show that Ellis and Williams had such notice, throwing two ounces of urine at someone, while certainly unpleasant, does not pose a substantial risk of serious harm.[4] On the contrary, it would result only in, at most, *de minimis* injury.[5] Ferguson confirms that he suffered no serious injury, or, in fact, any physical injury at all. [39-1] at 12-13. Even assuming Ferguson's factual assertions to be true, he cannot show that Ellis and Williams were aware of a substantial risk of serious harm or that they disregarded such a risk. He has, therefore, failed to allege a constitutional violation and/or state a claim for which relief can be granted under 42 U.S.C. § 1983. Accordingly, the undersigned recommends that Ellis and Williams's motion for summary judgment [39] be granted.

---

[4] Ferguson has provided no indication that Eugene suffered from any type of disease which could be spread through contact with his urine or that Ellis or Williams had any such knowledge.

[5] *See Jennings v. Weberg,* No. 2:06-cv-235, 2007 WL 80875, at *3 (W.D. Mich. Jan. 8, 2007) (finding that inmate's claims that guards allowed an HIV-positive inmate to spit and throw urine on him did not amount to more than *di minimis* harm). Courts examining similar situations in the context of an excessive force claim have found similarly. *See, e.g., Fackler v. Dillard,* No. 06-10466, 2006 WL 2404498, at *3 (E.D. Mich. Aug. 16, 2006)("Throwing a small (allegedly four ounce) cup of urine through an inmate's food slot resulting in urine splashing on the inmate undoubtedly constitutes a *de minimis* use of force.")(parenthetical in original)); *Tafari v. McCarthy,* 714 F. Supp. 2d 317, 341 (N.D.N.Y. 2010) (holding that a guard allegedly throwing a cup of urine and feces at an inmate was a *di minimis* use of force and not an Eighth Amendment violation).

Having found that Defendants are entitled to summary judgment, the undersigned finds it unnecessary to address Plaintiff's Motion for Summary Judgment [33] other than to find that it should be denied.

## V. Conclusion

The undersigned has considered all of the parties' arguments. Those not specifically addressed would not change the outcome. For the foregoing reasons, the undersigned concludes that Defendants' motions for summary judgment, [30] and [39], should be granted and the complaint dismissed with prejudice. The undersigned further concludes that Plaintiff's Motion for Summary Judgment [33] and Amended Motion for Preliminary Injunction and Temporary Restraining Order [29] should be denied. Finally, the undersigned recommends that the only remaining motion, Plaintiff's Motion to Compel Discovery [42], be found moot.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 4th day of February, 2019.

    /s/ F. Keith Ball  
UNITED STATES MAGISTRATE JUDGE