UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES FERGUSON                                                              PLAINTIFF

V.                                                       CIVIL ACTION NO. 3:17-CV-165-DPJ-FKB

BRADLEY ELLIS, ET AL.                                                    DEFENDANTS

ORDER

This § 1983 action is before the Court on the Report and Recommendation [46] of United States Magistrate Judge F. Keith Ball, recommending that the Court grant Defendants Frank Shaw, Richard Cooney, Alma Wren, Tony Donald, and Michael Rice's Motion for Summary Judgment [30], grant Defendants Bradley Ellis and Kelesha Williams's Motion for Summary Judgment [39], deny pro se Plaintiff James Ferguson's Motion for Summary Judgment [33] and Amended Motion for Preliminary Injunction and Temporary Restraining Order [29], and find as moot Ferguson's Motion to Compel Discovery [42].  Ferguson objected to two of Judge Ball's recommendations.  R. & R. Obj. [47].  For the reasons that follow, the Court adopts the Report and Recommendation [46].

I.      Facts and Procedural History

While a state prisoner at the East Mississippi Correctional Facility, Ferguson alleges that Defendants Ellis and Williams failed to properly restrain an inmate who splashed him in the face with urine.  Specifically, Ferguson says the officers allowed the inmate to carry a milk carton filled with urine from his cell to the shower, and that the inmate doused Ferguson's face with the urine as he passed by his cell door.  Ferguson also contends that Ellis and Williams continued to come by his cell to intimidate him after this incident and alleges that the officers' actions violated the Eighth Amendment.

After this incident, Ferguson filed an Administrative Remedy Program ("ARP") grievance dated July 23, 2016, requesting to be moved away from Ellis and Williams. Having received no update on the status of his grievance, Ferguson re-submitted his ARP grievance on October 17, 2016. On November 8, 2016, Defendant Donald turned over the original ARP grievance to Investigations. On December 15, 2016, Defendant Shaw wrote Ferguson acknowledging there was evidence to substantiate his ARP grievance, but Shaw did not move him away from Ellis and Williams. Ferguson alleges that Defendants Shaw, Cooney, Wren, Donald, and Rice were grossly negligent in supervising Ellis and Williams and in their handling of his ARP grievance. He further alleges that the Mississippi Department of Corrections' ("MDOC") ARP grievance process is unconstitutional because it imposes a 30-day deadline on inmates to file a grievance after an incident but does not impose any such deadlines for MDOC officials to respond to a grievance.

II. Standard

Summary judgment is warranted under Federal Rule of Civil Procedure 56(a) when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing

that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III. Analysis

The Court will first examine Judge Ball's recommendation to deny Ferguson's requested injunction and then turn to his recommendations for the parties' summary-judgment motions.

   A. Ferguson's Amended Motion for Preliminary Injunction and Temporary Restraining Order [29]

First, Judge Ball recommends rejecting Ferguson's Amended Motion for Preliminary Injunction and Temporary Restraining Order [29], in which Ferguson seeks an order requiring MDOC to change its ARP grievance process. R. & R. [46] at 4. Judge Ball found that Dempsey and MDOC are not named parties to this action and have not otherwise received notice as required by Rule 65(a)(1); that Ferguson failed to show immediate or irreparable harm as required by Rule 65(b)(1); that the requested injunctive relief does not relate to the damages he seeks, i.e., it fails to maintain the status quo; and that he cannot show a substantial likelihood of success on the merits. *Id.* at 4–5.

In his objection, Ferguson does not address his Rule 65 deficiencies or the status quo issue. Instead, he addresses the merits of his claim that the MDOC ARP grievance process is unconstitutional. R. & R. Obj. [47] at 2.

Even if Ferguson's objection held water, which it does not, the Court agrees with Judge Ball that Ferguson has failed to show that MDOC and Dempsey are parties to this case or that they received notice of this motion. *See* Fed. R. Civ. P. 65(a)(1) ("The Court may issue preliminary injunction only on notice to the adverse party."). The Court further agrees with Judge Ball that Ferguson failed to show the immediate or irreparable harm necessary to receive temporary injunctive relief without notice to the adverse parties. *See* Fed. R. Civ. P. 65(a)(1) ("The court may issue a temporary restraining order without . . . notice . . . only if . . . immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.") The Court therefore adopts Judge Ball's recommendation to deny Ferguson's injunctive-relief motion.

    B.    Defendants Shaw, Cooney, Wren, Donald, and Rice's Motion for Summary Judgment [30]

Next, Judge Ball concludes that "[b]ecause Ferguson never exhausted his administrative remedies with regard to his claims against Shaw, Cooney, Wren, Donald, and Rice, the PLRA and applicable case law require those claims be dismissed." R. & R. [46] at 8. As such, Judge Ball recommends that Court grant Shaw, Conney, Wren, Donald, and Rice's summary-judgment motion [30]. Ferguson offers no objection to this recommendation, which is nevertheless correct. His claims against these Defendants are therefore dismissed.

    C.    Defendants Ellis and Williams's Motion for Summary Judgment [39]

Finally, Judge Ball concludes, from Ferguson's own testimony, that Ellis and Williams did not "ha[ve] any reason to believe [the inmate] posed a substantial risk of causing him serious

4

harm" and that his face, drenched with another inmate's urine, "while certainly unpleasant . . . [did] not pose a substantial risk of serious harm."[1]  R. & R. [46] at 9.  As such, Judge Ball recommends that the Court grant Ellis and Williams's summary-judgment motion [39], deny Ferguson's motion for summary judgment [33], and find Ferguson's discovery motion [42] moot.

In his objection, Ferguson says Judge Ball " is mistake [sic] the issue" and seems to argue that Ellis and Williams failed to handcuff the subject inmate which "allowed [him] to carry the milk carton full of urine."  R. & R. Obj. [47] at 5.  Ferguson contends the failure to handcuff the inmate violated MDOC policy, and Ellis and Williams therefore violated the Eighth Amendment.  *Id.* at 5–6.  But according to the Fifth Circuit, "violations of prison rules do not alone rise to the level of constitutional violations and, therefore, such claims are not actionable under [42 U.S.C.] § 1983."  *Scheidel v. Sec'y of Pub. Safety & Corr.*, 561 F. App'x 426, 427 (5th Cir. 2014) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986)).  And the Court nevertheless agrees with Judge Ball that Ferguson's allegations fail to show "conditions posing a substantial risk of serious harm and that [Ellis and Williams] were deliberately indifferent to [his] need for protection."  *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995).  Ferguson's claims against Ellis and Williams are therefore dismissed.

---

[1] Judge Ball held a *Spears* hearing on June 27, 2018.  *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).  Ferguson testified that "he had no altercations or conflicts with [the inmate] prior to May 28, 2016, nor had he reported any to the EMCF staff . . . received no physical injuries, though the incident made him afraid . . . [and] saw a doctor approximately ten days later to confirm that he was not injured."  R. & R. [46] at 3–4 (citing June 27, 2018 Hr'g Tr. [39-1] at 12–13).

5

IV.     Conclusion

Accordingly, the Court adopts the Report and Recommendation [46] of the magistrate judge.  Defendants' motions for summary judgment [30, 39] are granted, and Ferguson's Motion for Summary Judgment [33] and Amended Motion for Preliminary Injunction and Temporary Restraining Order [29] are denied.  Ferguson's Motion to Compel Discovery [42] is found moot. This action is dismissed with prejudice.  A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 25th day of February, 2019.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE